IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSEPH DEVERN WINTERS, #25288-001**   **PETITIONER**

**V.**   **CIVIL ACTION NO. 5:09cv150-DCB-MTP**

**BRUCE PEARSON, Warden**   **RESPONDENT**

REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition [1] of Joseph Devern Winters for a Writ of Habeas Corpus filed under 28 U.S.C. § 2241. Having considered the Petition, the Answer [9], the Replies [10 [11],[1] all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

Background

Petitioner Joseph Devern Winters pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine hydrochloride and attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine hydrochloride in the United States District Court for the Northern District of Alabama and on November 30, 2005, was sentenced to a serve a term of 131 months imprisonment. Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi and is projected to be released from Bureau of Prisons (BOP) custody on June 4, 2015.[2] *See* Exhs. 1 (SENTRY Public Information Data) & 2 (Declaration of Jeffrey R. Johnson[3])

---

[1] Documents [10] and [11] appear to be identical, although they were filed as separate pleadings.

[2] Petitioner's projected release date is based upon Good Time Credit. His full-term release date is October 29, 2016. *See* Exh. 1 to Answer.

[3] Mr. Johnson has worked for the BOP in the area of sentence computations since April 1990. Mr. Johnson has been a Correctional Programs Specialist at the BOP's Designation and

to Answer; Attach. 4 to Johnson Decl; Petition [1] at 1.

On April 28, 1994, Petitioner was sentenced on several Alabama state charges to serve a total of 50 years. *See* Attach. 5 to Johnson Decl. He was subsequently paroled on October 22, 2001. *See id.*; Petition at 9. Petitioner was arrested on February 8, 2005 by Alabama State troopers for attempted trafficking in cocaine and for violation of his state parole.[4] *See* Johnson Decl. ¶ 5 & Attachs. 1 & 2; Petition at 9. On March 7, 2005, the Alabama Board of Pardons and Parole recommended that Petitioner's parole be revoked.[5] *See* Johnson Decl. ¶ 6 & Attachs. 2 & 5. A federal detainer was filed by the United States Marshals Service (USMS) on June 7, 2005. *See* Exh. 3 to Petition. Petitioner was temporarily released to the USMS pursuant to a federal writ of habeas corpus *ad prosequendum* on June 20, 2005. *See* Johnson Decl. ¶ 7 & Attach. 3; Petition at 9. As noted *supra*, on November 30, 2005, Petitioner was sentenced to his current term of federal imprisonment. That sentence was ordered to run concurrently with his yet-to-be-imposed Alabama parole revocation sentence. *See* Johnson Decl. ¶ 8 & Attach. 4.

Petitioner was returned to Alabama state custody on January 6, 2006. *See* Johnson Decl. ¶ 9 & Attach. 3; Petition at 10. On January 19, 2006, the Alabama Board of Pardons and Paroles held a revocation hearing, and on February 13, 2006, the Board issued an order revoking

---

Sentence Computation Center since January 2006. His duties include providing litigation assistance to the United States Attorney's Office in cases where federal inmates challenge their sentence computations, which includes auditing and reviewing such computations. Mr. Johnson audited Petitioner's sentence computation and concluded that it has been completed in accordance with federal statute and BOP policy. *See* Johnson Decl. ¶¶ 1-4.

[4] The trafficking charge was dismissed on November 29, 2006. *See* Attach. 1 to Johnson Decl.; Petition at 10.

[5] Petitioner's parole was revoked on February 13, 2006. *See* Johnson Decl. ¶ 6 & Attach. 5. Petitioner claims that his parole was reinstated in April 2005 before it was again revoked in February 2006, thereby placing him in exclusive federal custody. *See* Reply [10] at 6-7. However, he has provided nothing to support this allegation. Nor is this reflected in the Alabama Department of Corrections Inmate Summary. *See* Attach. 5 to Johnson Decl.

Petitioner's state parole and stating that it would be further considered in February 2008. *See* Johnson Decl. ¶ 10 & Attach. 5; Petition at 10. Thereafter, on June 16, 2008, Petitioner was paroled. *See* Johnson Decl. ¶ 11 & Attach. 5. He was transferred back to federal custody on June 19, 2008 and arrived at FCC Yazoo City on July 28, 2008. *See* Exh. 1 to Answer; Attach. 3 to Johnson Decl.

Petitioner's federal sentence has been calculated by the BOP as commencing on the date it was originally imposed (November 30, 2005), to effect concurrent service of the state and federal terms.[6] *See* Exh. 1 to Answer; Johnson Decl. ¶ 12 & Attach. 6; Exh. 5 to Petition. However, Petitioner has received no custody credit prior to November 30, 2008 as all of the time he spent in custody prior to sentencing was applied to his Alabama sentence.[7] *See id.* In the instant Petition, filed by Petitioner *pro se* on September 10, 2009, Petitioner argues that he should be given credit against his federal sentence for the time spent in custody from his February 8, 2005 state arrest until his November 30, 2005 federal sentencing. *See* Petition.

Analysis

As noted *supra*, Petitioner received state jail credit against his state sentence for time served from February 8, 2005. Indeed, Petitioner concedes this in his Reply.[8] *See* [10] at 3.

---

[6] "Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for [doing so] is that...the federal sentencing court intended its sentence be served concurrently with the non-federal sentence." PS 5160.05, Designation of State Institution for Service of Federal Sentence (available at http://www.bop.gov/policy/progstat/5160_005.pdf), at 4.

[7] Mr. Johnson explained that this is evidenced by the fact that Alabama continued Petitioner's original sentence, thereby leaving the full term date of March 24, 2043 unchanged. *See* Johnson Decl. ¶ 13 & Attach. 5. Thus, Petitioner received credit against his state sentence for all time spent on parole and in custody following his February 8, 2005 arrest.

[8] Petitioner states that "not only has the Petitioner received credit during time spent on state parole, the Alabama Department of Correciton [sic] has specifically continuously applied credit to Petitioner's state sentence from the original April 28, 1994, state sentencing, to the October 22, 2001, initial parole release date, to the February 8, 2005, recapture date, to the

Therefore, he is not entitled to credit for that time against his federal sentence.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). The Supreme Court has explained that when Congress enacted this statute, it "made clear that a defendant could not receive a double credit for his detention time." *U.S. v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, 2007 WL 1702198, at * 2 n. 4 (N.D. Tex. June 12, 2007) ("§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence.") (citing *Wilson*, 503 U.S. at 332-33; *U.S. v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983); *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. U.S.*, 31 Fed. Appx. 832, 832 (5th Cir. Jan. 3, 2002)). In accordance with the statute, BOP Program Statement (PS) 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign." *See* Exh. 2 & Attachment 11 to Answer. Accordingly, Petitioner is not entitled to any credit against his sentence for the time period of February 8, 2005 to November 30, 2005, as that time was already

---

February 28, 2005, parole delinquent arrest date, to the April of 2005, parole reinstation date, to the February 13, 2006, parole revocation date, to the June 15, 2008 parole release date, to this current date." *See* Reply [10] at 3.

credited against his state sentence. [9]

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Petition [1] of Joseph Devern Winters for a Writ of Habeas Corpus filed under 28 U.S.C. § 2241 be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted

---

[9] Moreover, it has long been the law of this Circuit that where a prisoner is in primary state custody and is taken on writ into federal custody to answer federal charges, he is not entitled to also have that time credited against his federal sentence. *See Chaplin v. U.S.*, 451 F.2d 179, 181 (5th Cir. 1971) ("petitioner was exclusively in state custody for a state parole violation except when appearing in federal court via writ of habeas corpus *ad prosequendum*. Upon this finding, petitioner is not entitled to credit against his federal sentence for such time spent in state custody."); *Howard v. U.S.*, 420 F.2d 478, 480 (5th Cir. 1970) (holding that because petitioner "was at all times in custody of the State of Louisiana and appeared in federal court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum . . . he [was] not entitled to have this time credited toward his federal sentence"); *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. Mar. 1, 2001) (*per curiam*) ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the defendant receives credit for that time on his state sentence."). Thus, for this reason as well, Petitioner is not entitled to credit for the period of June 20, 2005 until November 30, 2005.

5

by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th of March, 2010.

                                                    s/Michael T. Parker
                                                    United States Magistrate Judge